**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard T. and Linda A. Jones, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank,<br><br>Defendant. | No. CV11-0197-PHX-DGC<br><br>**ORDER** |

On February 16, 2011, the Court held a hearing on Plaintiffs Richard and Linda Jones' petition for a temporary restraining order. Doc. 7. For reasons stated in this order, the Court will deny the petition.

To obtain preliminary injunctive relief such as a temporary restraining order ("TRO"), a plaintiff must show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The test includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in her favor, she need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when a plaintiff shows a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d

1355, 1362 (9th Cir.1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir.1985)).  For purposes of deciding the petition, therefore, the Court must determine whether Plaintiffs have shown a likelihood of success on the merits or the existence of serious questions.

In an effort to satisfy this requirement, Plaintiffs made a number of arguments in their papers and at the TRO hearing.  The Court will address them individually.

First, Plaintiffs allege that the foreclosure documents created by Defendant Wells Fargo Bank do not include valid signatures.  When asked for evidence on this point, Plaintiffs stated that they have filed complaints with the Arizona Attorney General and the Arizona Secretary of State, and expect that evidence of improperly signed documents will result from these investigations.  Because Plaintiffs were unable to present such evidence in connection with the petition, they have not shown a likelihood of success on the merits or the existence of serious questions on this issue.

Second, Plaintiffs assert that Wells Fargo Bank is not a valid successor on their Deed of Trust or Promissory Note because Mortgage Electronic Registration Systems, Inc. ("MERS") could not confer such status on Wells Fargo Bank.  Plaintiffs' Deed of Trust expressly identified MERS as a beneficiary under the Deed of Trust and as a nominee of the original lender.  Doc. 1-3 at 48, 49.  An assignment of rights under the Deed of Trust and Promissory Note from MERS to Wells Fargo Bank was recorded when the trustee's sale was noticed in this case.  Doc. 1-3 at 79.  Courts in this district have held that MERS is authorized to transfer a lender's interest under a Deed of Trust and related documents.  *See Blau v. America's Servicing Co.,* No. CV08-773-PHX-MHM, 2009 WL 3174823 at *7-*8 (D. Ariz., Sept. 29, 2009) (citing cases).  Although Plaintiffs argue that there are many questions about MERS, that litigation is ongoing in various courts, and that they would like to have this case remanded to state court to litigate the status of MERS, they have not presented sufficient evidence to show a likelihood of success on the merits or the existence of serious questions that the assignments from MERS to Wells Fargo Bank are invalid.

Third, Plaintiffs argue that Wells Fargo Bank has already been paid in full on their Promissory Note. In support, Plaintiffs cite to a stamp attached to the Deed of Trust which simply states "pay to the order of Wells Fargo Bank, NA, without recourse." Doc. 1-3 at 62. This stamp is dated June 13, 2005, and is signed by the original lender. *Id.* The stamp does not show that Wells Fargo Bank was paid the full amount owed under the note. Nor do Plaintiffs explain how or by whom it could have been paid in full. Plaintiffs are the debtors under the note and they do not contend that they have repaid the note in full, nor have they identified any other entity that has done so. It appears that the stamp merely shows that the right to receive payments under the note was transferred to Wells Fargo Bank.

Fourth, Plaintiffs claim that a complaint filed by the Arizona Attorney General against Bank of America regarding fraudulent loan modification practices supports the issuance of a TRO in this case. Allegations made against Bank of America, however, do not show that Plaintiffs are likely to succeed on the merits of their claim against Wells Fargo, nor that have raised serious issues in this case against Wells Fargo.

Finally, Plaintiffs contend that they did not understand when they signed the Deed of Trust that MERS could transfer rights under the Deed of Trust to others. The Deed of Trust explicitly states, however, that MERS was a beneficiary under the document. Doc. 1-3 at 48, 49. Plaintiffs do not argue that they were unaware of the fact that beneficiaries of the Deed of Trust could foreclose if Plaintiffs failed to make payments on their note. This argument does not support issuance of a TRO.

Because the Court concludes that Plaintiffs have failed to show a likelihood of success on the merits or the existence of serious questions, the Court will not issue a TRO. The Court need not address the other requirements for a TRO.

**IT IS ORDERED:**

1. Plaintiffs' petition for a temporary restraining order (Doc. 7) is **denied**.

2. Plaintiffs' motion for an extension of time (Doc. 11) is **granted**.  Plaintiffs may have until March 4, 2011 to file a response to Defendant's motion to dismiss.

Dated this 18th day of February, 2011.

_____
David G. Campbell
United States District Judge