**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard T. and Linda A. Jones, husband and wife,<br><br>           Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank,<br><br>           Defendant. | No. CV11-0197-PHX-DGC<br><br>**ORDER** |

   Plaintiffs Richard and Linda Jones have filed a motion for reconsideration of the Court's order (Doc. 13) denying their request for a temporary restraining order. Doc. 14. The Court will deny the motion for reconsideration.

   Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial

Case 2:11-cv-00197-DGC   Document 17   Filed 03/01/11   Page 2 of 2

decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiffs have failed to satisfy these requirements. Plaintiffs attach complaints they filed with the Arizona Secretary of State to investigate potential notary fraud in the foreclosure documents. Doc. 14, Ex. A. Plaintiffs attach a complaint they filed with the Arizona Attorney General alleging various defects in the foreclosure documents. *Id*. Ex. C. Plaintiffs also attach a decision from the Secretary of State regarding improper actions by a different notary in a different case. *Id*. Ex. B. Plaintiffs argue that the Secretary of State likely will enter a similar order in this case. The Court notes, however, that the Secretary of State's decision was based primarily upon record-keeping failures by the notary in question, Kristen B. Lindner. Plaintiffs' allegations concern a different notary, Paula Gruntmeir. The Court cannot conclude from the information provided by Plaintiffs that the record-keeping failures of notary Lindner have been repeated by notary Gruntmeir, nor that such record-keeping failures by a notary would provide a basis for setting aside the scheduled trustee's sale in this case. Nor do the complaints provided by Plaintiffs demonstrate that Plaintiffs are likely to succeed on the merits or have raised serious questions in this case.

**IT IS ORDERED** that Plaintiffs' Motion to Reconsider Evidence for Hearing (Doc. 14) is **denied**.

Dated this 1st day of March, 2011.

_____
David G. Campbell
United States District Judge

- 2 -